IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

ANGELA RENE DOOLEY                                                                                   PLAINTIFF

vs.                                           Civil No. 6:19-cv-06138

ANDREW M. SAUL                                                                                       DEFENDANT
Commissioner, Social Security Administration

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Angela Rene Dooley ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for Disability Insurance Benefits ("DIB"), Supplemental Security Income ("SSI") and a period of disability under Titles II and XVI of the Act.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2009), the Honorable Susan O. Hickey referred this case to this Court for the purpose of making a report and recommendation. In accordance with that referral, and after reviewing the arguments in this case, this Court recommends Plaintiff's case be **REVERSED AND REMANDED.**

**1.     Background:**

Plaintiff protectively filed her application for DIB on October 19, 2016 and for SSI on October 28, 2019. (Tr. 10). [1] In her applications, Plaintiff alleged being disabled due to lumbar strain, cholesterol, fibromyalgia, back pain, depression, obesity, high blood pressure, diabetes,

---

[1] References to the Transcript will be (Tr.___) and refer to the document filed at ECF No. 9. These references are to the page number of the transcript itself, not the ECF page number.

asthma, arthritis, memory problem, and vision problems. (Tr. 272). Plaintiff alleged an onset date of November 27, 2015. (Tr. 10). Her applications were denied initially and again upon reconsideration. *Id.*

Plaintiff requested an administrative hearing on her denied applications, and this hearing request was granted. (Tr. 161-238). This hearing was held on October 9, 2018. (Tr. 25-47). At this hearing, Plaintiff was present and was presented by counsel, Michael Angel. *Id.* Plaintiff and Vocational Expert ("VE") Kola Brown testified at this hearing. *Id.* At this hearing, Plaintiff testified she was sixty-two (62) years old and had a college degree in business. *Id.*

On February 15, 2019, after the administrative hearing, the ALJ entered an unfavorable decision denying Plaintiff's disability applications. (Tr. 10-19). The ALJ determined Plaintiff met the insured status requirements of the Act through December 31, 2020. (Tr. 12, Finding 1). The ALJ also determined Plaintiff did not engage in Substantial Gainful Activity ("SGA") since November 27, 2015. (Tr. 12, Finding 2). The ALJ then determined Plaintiff had the following severe impairments: fibromyalgia, obesity, and mood disorder. (Tr. 12, Finding 3). The ALJ also determined Plaintiff did not have an impairment or combination of impairments that meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 13, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her Residual Functional Capacity ("RFC"). (Tr. 15-19, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found they were not entirely credible. *Id.* Second, the ALJ determined Plaintiff had the RFC to perform light work with no squatting; mentally restricted to semi-skilled work, and can perform work where interpersonal contact is routine but superficial, the complexity

of tasks is learned by experience, involves several variables, uses judgment within limits, and the supervision required is little for routine, but detailed for non-routine tasks. *Id*.

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW") and found Plaintiff could perform her PRW as a file clerk and pharmacy technician. (Tr. 19, Finding 6). Based on this finding, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, from November 27, 2015 through the date of his decision. (Tr. 19, Finding 7).

Plaintiff sought review with the Appeals Council. (Tr. 1-6). On October 1, 2019, the Appeals Council denied this request for review. *Id.* On December 4, 2019, Plaintiff filed a Complaint in this case. ECF No. 1. Both Parties have filed appeal briefs. ECF Nos. 13-14.

2. **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.     Discussion:**

In her appeal brief, Plaintiff claims the ALJ's decision is not supported by substantial evidence in the record. ECF No. 13 at 3-10. Specifically, Plaintiff raised two arguments for reversal: (1) the ALJ erred in his Step Two determination and (2) the ALJ erred in his evaluation of Plaintiff's subjective complaints. *Id.* Upon review, the Court finds the ALJ erred in his Step Two determination. Thus, the Court will only address Plaintiff's first argument for reversal.

A claimant suffers from a severe impairment if that impairment is more than slight and if that impairment affects the claimant's ability to do his or her basic work activities. *See Householder v. Bowen,* 861 F.2d 191, 192 n.1 (8th Cir. 1988). The Supreme Court has also held that a claimant does not suffer from a severe impairment where the claimant only suffers from "*slight abnormalities* that do not significantly limit any 'basic work activity.'" *See Bowen v. Yuckert,* 482 U.S. 137, 155 (1987) (O'Connor, S., concurring) (emphasis added); *see also Brown v. Bowen,* 827 F.2d 311, 311-12 (8th Cir. 1987) (adopting Justice O'Connor's language from *Bowen v. Yuckert*). *See also Kirby v. Astrue,* 500 F.3d 705, 707-09 (8th Cir. 2007).

Furthermore, the standard for determining whether a claimant suffers from a severe impairment is a low standard. *See Nicola v. Astrue,* 480 F.3d 885, 887 (8th Cir. 2007) (reversing the decision of the ALJ and holding that a diagnosis of borderline intellectual functioning should have been considered severe because that diagnosis was supported by sufficient medical evidence). If the ALJ errs by finding a severe impairment is not severe, the ALJ's disability determination must be reversed and remanded. *See Nicola,* 480 F.3d at 887.

In this case, Plaintiff alleged being disabled due to back and nek pain. (Tr. 35-37, 272). The records show Plaintiff was diagnosed and documented with degenerative changes and facet

arthropathy in the lower lumbar spine. (Tr. 484). Plaintiff testified about her problems associated with degenerative changes in her back. (Tr. 35-36). Further, Plaintiff testified she experienced neck pain with pain radiating down her left arm. (Tr. 36). Treatment records from Clarey Chiropractic Clinic document this condition and treatment. (Tr. 492-508)

As recognized above, the standard for determining whether an impairment is severe is a low standard. Based upon these reports, Plaintiff has presented sufficient evidence demonstrating her back and neck pain meet that standard. Thus, this case must be reversed and remanded for further consideration of this issue and a determination as to whether any of Plaintiff's other impairments meet this low standard.

**4.    Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and recommends it be **REVERSED AND REMANDED.**

The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The Parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court. See *Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).

ENTERED this 3rd day of February 2021.

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE